**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEDRO BALDOVINOS,<br><br>            Petitioner,<br>    v.<br><br>PAUL COPENHAVER, Warden,<br><br>            Respondent. | Case No. 1:13-cv-00806-SKO-HC<br><br>ORDER CONSTRUING PETITIONER'S "OBJECTIONS" TO BE A MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER (DOCS. 10, 7)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 10) |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on June 19, 2013, and on behalf of Respondent on July 15, 2013.

    Pending before the Court is a document filed by Petitioner on September 25, 2013, entitled "Objections."  Because the parties have consented to the jurisdiction of the Magistrate Judge to conduct all

1

further proceedings in the case, objections are inappropriate. However, the Court CONSTRUES Petitioner's objections as a motion for reconsideration of the Court's order of September 9, 2013, in which Petitioner's claims of double jeopardy, due process violation in investigation and hearing procedures, actual innocence, and biased hearing officer were dismissed without leave to amend.

A motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order. American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001). A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

I.  Relief pursuant to Fed. R. Civ. P. 59(e)

Petitioner does not appear to state grounds sufficient to warrant relief pursuant to Fed. R. Civ. P. 59(e), which is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See, MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

///

Petitioner argues generally that he was transferred to another prison, and thus his procedural rights were obstructed because he could not call witnesses. However, as detailed in the Court's order, the record of the proceedings contradicts Petitioner's generalized allegations of fact.

In sum, as there has been no demonstration of unusual circumstances, newly discovered evidence, or intervening change in controlling law, the dismissal of Petitioner's petition was not clearly erroneous.

II.   Relief pursuant to Fed. R. Civ. P. 60

Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order. Fed. R. Civ. P. 60(c).

Rule 60(b) generally applies to habeas corpus proceedings. See, Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005). Although the Court has discretion to reconsider and vacate a prior order, Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored. A party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision. United States

1 v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and re-determine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Pursuant to Local Rule 230(j), when a motion has been granted or denied in whole or in part, and a motion for reconsideration is made based on the same or any alleged different set of facts, counsel must set forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including information concerning the previous judge and decision, the new or different facts or circumstances that are claimed to exist which were not present when the prior motion was filed, any other grounds for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

Here, Petitioner has not shown any law or facts that reflect any abuse of discretion, clear error, or manifest injustice.

III. Disposition

In accordance with the foregoing, it is ORDERED that
///
///
///

Petitioner's motion for reconsideration of the Court's order of September 9, 2013, is DENIED.

IT IS SO ORDERED.

| Dated: | **October 11, 2013** | **/s/ Sheila K. Oberto** |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |