**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO BALDOVINOS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PAUL COPENHAVER (Warden),<br><br>　　　　　　Respondent. | Case No. 1:13-cv-00806-SKO  HC<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS |

On May 28, 2013, Petitioner Pedro Baldovinos, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions by a Disciplinary Hearing Officer arising from Petitioner's role in a prison riot. As grounds for granting the writ, Petitioner asserted (1) a Fifth Amendment due process violation of double jeopardy arising from his having been twice subjected to disciplinary hearings for the same incident; (2) a Fifth Amendment due process violation arising from the defective investigation of the incident giving rise to the disciplinary hearings; (3) actual innocence; (4) the Bureau of Prison's lack of jurisdiction over the alleged disciplinary infractions, which occurred at a contract institution; and (5) a biased Disciplinary Hearing Officer. After screening the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court dismissed all grounds except the Disciplinary Hearing Officer's authority over disciplinary proceedings for a prisoner whose misconduct occurred in a penal facility

1

not operated by the Bureau of Prisons ("BOP").  The Court now denies the petition on the remaining ground.

## I. Factual Background

In December 2003, the U.S. District Court for the Western District of Missouri sentenced Petitioner to 140 months' imprisonment after he pleaded guilty to conspiracy to distribute cocaine (21 U.S.C. §§ 841(a)(1) and 846) and criminal forfeiture (21 U.S.C. § 853).

On January 31, 2009, Petitioner was serving the 2003 sentence at the Reeves County Detention Center ("RCDC") in Pecos, Texas, a non-federal facility holding federal prisoners pursuant to an agreement with the Bureau of Prisons ("BOP").  From January 31 through February 5, 2009, Petitioner participated in a riot at RCDC.

On September 23, 2010, a jury found Petitioner guilty of conspiracy to commit mutiny or riot at a federal correctional facility (18 U.S.C. §§ 1792 and 371); aiding and abetting mutiny or riot at a federal correctional facility (18 U.S.C. §§ 1792 and 2); and aiding and abetting the use of fire to commit a federal felony (18 U.S.C. §§ 844(h) and 2).  The federal district court sentenced him to a 166-month sentence for those convictions.

On June 21, 2011, a BOP Disciplinary Hearing Officer conducted a disciplinary hearing and concluded that Petitioner had committed the prohibited act of "Conduct Which Interferes with the Orderly Running of the Institution Most Like a Code 104, Rioting," in violation of BOP Disciplinary Code § 199.  As a result, the Hearing Officer disallowed 41 days of Petitioner's good conduct time.

## II. BOP Disciplinary Authority

In the sole remaining ground of his petition for writ of habeas corpus, Petitioner contends that the BOP lacked authority to discipline him for behavior committed in an institution not operated by the BOP.

In support of his contention, Petitioner relies on a September 16, 2009 letter from the BOP's regional counsel, denying Petitioner's claim for property lost or damaged when he was transferred from RCDC to the Federal Correctional Center in Oakdale, Louisiana.  *See* Doc. 1 at 13, 17.  Petitioner does not articulate precisely why he believes that the BOP's denial of his property loss

claim due to Petitioner's failure to allege negligence, wrongful action, or omission of a government employee supports a conclusion that the BOP lacked authority to discipline him for his actions at RCDC. To the extent that Petitioner intended to rely on the letter only to establish that RCDC is not operated by the BOP, his argument is not dispositive as to the BOP's authority to discipline him. That Petitioner was incarcerated in an institution (RCDC) not operated by the BOP is not disputed: the issue is whether the fact of his placement in a non-BOP facility removed his misconduct from the BOP's disciplinary authority.

To determine whether the BOP correctly construed the scope of its authority in disciplining Petitioner for his conduct at RCDC, the Court must first determine whether "Congress has directly spoken to the precise question at issue." *Chevron U.S.A., Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837, 842 (1984). No apparent statutory authority states that only inmates confined to BOP-operated institutions are subject to BOP discipline. *See* 18 U.S.C. § 4001(b)(2) ("The Attorney General may . . . classify the inmates; and provide for their proper government, discipline, treatment, care, rehabilitation, and reformation"); 18 U.S.C. § 4042(a)(3) ("The Bureau of Prisons, under the direction of the Attorney General, shall—(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States"). When a statute expressly leaves a gap for an agency to fill with its rulemaking authority, the agency's regulations must receive "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 844.

Respondent contends that 28 C.F.R. § 541.2, as revised in 2011, "clearly indicates that the [BOP disciplinary] program is applicable to all inmates in BOP custody, sentenced or unsentenced, including inmates held in a facility that contracts with the BOP." Doc. 16 at 6. Petitioner counters that since the disciplinary infraction at issue here occurred in 2009, the 2011 revision is inapplicable, and that under the prior version of the regulation, the BOP lacked authority to discipline Petitioner for his behavior at RCDC. Although the Court agrees that the 2011 revision did not apply in 2009, it disagrees with Petitioner's conclusion that the BOP lacked authority to discipline him in 2009.

///

3

Prior to the 2011 revision, the applicable regulation read:

So that inmates may live in a safe and orderly environment, it is necessary for institution authorities to impose discipline on those inmates whose behavior is not in compliance with Bureau of Prisons rules. The provisions of this rule apply to *all persons committed to the care, custody, and control (direct or constructive) of the Bureau of Prisons*.

28 C.F.R. § 541.10(a) (2010) (emphasis added).

Despite the regulation's breadth and generality, it is neither an arbitrary statutory interpretation nor manifestly contrary to the statute. Plaintiff does not dispute that he was incarcerated at RCDC pursuant to his 2003 federal sentence. By virtue of his original sentence, Petitioner was committed to the care, custody, and control of the BOP, which controlled his placement for incarceration at RCDC. The BOP placed federal prisoners, including Petitioner, at RCDC pursuant to its agreement with the entity operating RCDC. As such, Petitioner remained under constructive control of the BOP, which retained control over his placement, including the ability to relocate Petitioner to another institution, either one operated by the BOP, or one housing prisoners serving federal sentences pursuant to an agreement with the BOP.[1]

The regulation applicable in 2009, 28 C.F.R. § 541.10(a), authorized the BOP to impose discipline on all persons committed to the care, custody, and control (direct or constructive) of the Bureau of Prisons. Accordingly, the Court denies the petition for writ of habeas corpus.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

---

[1] In fact, the BOP subsequently transferred Petitioner to several different penal institutions.)

4

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>>  (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**IV.** **Conclusion and Order**

Based on the foregoing, the Court hereby ORDERS that:

1. The petition for writ of habeas corpus be DENIED;

2. The request for an evidentiary hearing be DENIED; and

3. The Clerk of Court be DIRECTED to enter judgment for Respondent.

The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 11, 2015**                                    **/s/ Sheila K. Oberto**
                                                                        UNITED STATES MAGISTRATE JUDGE